# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELOY ROMERO-DURAN,

    Defendant.

Case No. 2:09-cr-00202-LDG

**ORDER**

    The defendant, Eloy Romero-Duran, moves pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence (#51).

    As was stated by the Ninth Circuit in denying defendant's direct appeal, "[a] review of the record and the opening brief indicates that the questions raised . . . are so insubstantial as not to require further argument." The defendant's argument that his counsel at sentencing was ineffective for failing to argue that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), fails because the counsel does not render ineffective assistance by failing to raise a non-meritorious argument. *Shah v. United States,* 878 F.2d 1156, 1162 (9th Cir. 1989). On the defendant's direct appeal, the Ninth Circuit rejected the defendant's underlying argument that his sentence violated *Apprendi.*

The defendant argues his counsel was ineffective for failing to argue his prior conviction was invalid under *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).  The argument fails as a motion under §2255 does not provide a defendant with a mechanism to challenge a fully expired conviction that is used to enhance the challenged sentence.  *See Daniels v. United States*, 532 U.S. 374, 381 (2001).  As the Court must presume the validity of the prior conviction, the Court must also conclude that counsel was not ineffective for failing to argue the prior conviction was invalid.

Finally, the defendant's final argument--that he could not have violated 8 U.S.C. §1326 because he was neither prosecuted for re-entering the United States nor informed that his re-entry was a crime on his numerous prior deportations–is without any merit.  It has been long settled that specific intent is not an element of §1326.  *Pena-Cabanillas v. United States,* 394 F.2d 785, 790 (9th Cir. 1968).

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (#51) is DENIED.

DATED this 21 day of March, 2014.

Lloyd D. George
United States District Judge

2